IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| STEPHEN NIVENS, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. DKC-23-2566 |
| ST. MARK'S CHURCH, *et al.*, | * | |
| Defendants. | * | |
| | *** | |

**MEMORANDUM OPINION**

Self-represented Plaintiff Stephen Nivens, who is currently confined at the Maryland Correctional Training Center, filed the above-captioned Complaint pursuant to 42 U.S.C. § 1983 seeking declaratory judgment and monetary damages. Mr. Nivens alleges, *inter alia*, that he is the victim of multiple sex offenses, malicious prosecution, negligence, defamation, and "ex post facto application, prohibition, clauses, restriction and as evidence custodians who tampered and mishandled crucial evidence…." ECF No. 1 at 1. With his Complaint, Mr. Nivens included a motion for leave to proceed *in forma pauperis*. ECF No. 1-2 at 11-15. Also pending is Mr. Nivens' amended motion to request appointment of counsel. ECF No. 4. Because Mr. Nivens appears indigent, the motion for leave to proceed *in forma pauperis* will be granted. However, for the reasons that follow, the Complaint will be dismissed.

Mr. Nivens cannot maintain a § 1983 claim against Defendants Patricia Regan and St. Mark's Church because they are not state actors. At its core, a civil rights action under 42 U.S.C. § 1983 is directed to unlawful conduct under color of law. *See Owens v. Baltimore City State's Attorney Office*, 767 F.3d 379 (4th Cir. 2014). Section 1983 of 42 U.S.C. provides, in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the

> jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver,* 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).  Essential to sustaining an action under § 1983 are the presence of two elements.  Specifically, the plaintiff must demonstrate that: (1) he suffered a deprivation of "rights, privileges or immunities secured by the Constitution and laws" of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  Here, Mr. Nivens sues Patricia Regan, who appears to be the victim in Mr. Nivens' criminal case and whom he claims is his abuser, and St. Mark's Church, a private organization.  Neither Defendant was acting under color of law when they allegedly sexually abused or facilitated the abuse of Mr. Nivens.  As such, Mr. Nivens' § 1983 claim against Defendants must be dismissed.

To the extent Mr. Nivens also seeks relief under state law, this court lacks jurisdiction over those claims.[1]  Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc*., 545 U.S. 546, 552 (2005).  Diversity jurisdiction exists over state law claims "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States." 28 U.S.C. § 1332(a)(1).  As all parties in this matter are Maryland residents, diversity jurisdiction does not exist.  Furthermore, the court declines to exercise supplemental jurisdiction where, as here, the federal claim will be dismissed early in the case.  *See Carnegie Mellon Univ.*

---

[1] Mr. Nivens cites the Child Victim Act and Hidden Predator Act.  ECF No. 1 at 1, 2.  Although Mr. Nivens does not provide any citations, it appears that these are Maryland state laws.  *Id.*

*v. Cohill*, 484 U.S. 343, 350 (1988) (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726-727 (1966). As such, Mr. Nivens' state law claims will be dismissed without prejudice. Because the Complaint must be dismissed, Mr. Nivens' amended motion to request appointment of counsel will be denied. A separate order will follow.

October 30, 2023                    _____/s/_____
                                    DEBORAH K. CHASANOW
                                    United States District Judge